**George F. BURKE, Plaintiff-Appellant,**

v.

**TRIPLE A MACHINE SHOP, INC., et al., Defendants-Appellees.**

No. 23514.

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1971.

Robert Talbot (argued), of Barbagelata, Broderick, Carmazzi & Arnold, San Francisco, Cal., for plaintiff-appellant.

Thomas Ottenweller (argued), of Bohnert, Flowers & McCarthy, San Francisco, Cal., for defendants-appellees.

Before: TUTTLE,* MERRILL and HUFSTEDLER, Circuit Judges.

---

* Elbert Parr Tuttle, Senior United States Circuit Judge of the Fifth Circuit, sitting by designation.

PER CURIAM:

We conclude that the trial court correctly determined that there was no substantial issue of fact relating to the alleged violation of Section 10(b) of the Securities and Exchange Act of 1934, as amended. The alleged illegal conduct of the appellee-defendant officers and directors of the named corporations related to the purchase by the defendants of the plaintiff-appellant's stock in the defendant corporations by impermissible means. Such conduct, if it occurred as alleged, is not a violation of the federal statute unless the defendants "directly or indirectly * * * us[ed] * * * any means or instrumentality of interstate commerce, or of the mails * * * in connection with the purchase * * * of any security."

It is not contended that the mails were used. There was no interstate negotiation or purchase of the plaintiff's stock. We conclude that there was also no use of an "instrumentality of interstate commerce" within the contemplation of the statute by reason of two local telephone calls to the companies' counsel who was also an assistant secretary.

All of the facts are undisputed in affidavits or depositions. There was, therefore, no issue to be tried touching on the federal question. The court, therefore, was without jurisdiction.

However, the complaint may have asserted a valid cause of action under state law. The defendants made no effort to support their motion for summary judgment by affidavits negating the allegations of wrong doing. Lest the entry of summary judgment for the defendants be considered as a judgment on the merits of any possible state claim, therefore, we remand the case to the trial court to modify its judgment in such manner as will prevent any prejudice to such right as the plaintiff may have in the state courts.

Judgment affirmed in part. Reversed and remanded in part.