P. A. STARCK and Jane Starck,
Plaintiffs,

v.

Donald E. DEWANE and Wayne Brown,
Defendants.

No. 73 C 588.

United States District Court,
N. D. Illinois E. D.

Sept. 12, 1973.

Sheldon Engel, Chicago, Ill., for plaintiffs.

Barry M. Woldman of Karlin & Fleisher, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the complaint for lack of jurisdiction.

This is an action to redress an alleged violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b–5 promulgated thereunder (17 C.F.R. 240.10b–5). More specifically, the plaintiff alleges in Count I of the complaint that the defendants made false and misleading representations in the offer and sale of a security. Jurisdiction is based on Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa). The plaintiffs, in Counts II and III of the complaint also claim respectively that the defendants committed a common law tort of fraud and violated the Illinois Consumer Fraud Act, Chapter 121½, § 262A of the Illinois Revised Statutes.

The defendants in support of their motion to dismiss for lack of jurisdiction contend:

1. Neither defendant Donald E. Dewane or Wayne Brown used the mails and/or other means of interstate commerce in regard to any of the allegations of Count I of the plaintiff's complaint and thereby this Court lacks jurisdiction under Section 27 of the Securities Act of 1934 (15 U.S.C. Section 78aa).

2. There is no pendent jurisdiction before this Court as alleged in both Counts II and III of plaintiff's complaint as the Court lacks jurisdiction over any federal question or matter herein.

The plaintiffs in opposition to the instant motion contend that Donald E. Dewane used the telephone to arrange meetings with the plaintiffs regarding the sale of the House of Health, Inc. common shares; and also that the collection of the checks used to purchase the shares involved the use of the mails. In support of this contention the plaintiffs have submitted the affidavits of P. A. Starck, Jane Starck and Karen Wascher.

Plaintiff P. A. Starck, in his affidavit, states, in relevant part:

2. That on or about September 3, 1971, he had a meeting with Donald E. Dewane, one of the defendants in the above entitled case; that the meeting took place at the affiant's home located at 8909 McConnell Road, Woodstock, Illinois; that the only other person at the meeting was affiant's wife, Jane Starck; and that at the meeting he purchased stock in a business known as the House of Health, Inc. from Donald E. Dewane, the President of the Corporation.

3. That the date for the meeting on or about September 3, 1971, was set by Donald E. Dewane during a telephone call affiant had received from the said Dewane on or about August 29, 1971.

4. That during the period of on or about March 10, 1971 to on or about September 3, 1971, several other telephone calls were received by affiant from Donald E. Dewane concerning the purchase of stock in House of Health, Inc.

5. During the meeting of on or about September 3, 1971 the affiant delivered to Donald E. Dewane a check dated September 3, 1971 for $15,000 payable to House of Health, Inc. for the purchase of 100 shares of House of Health, Inc. common stock.

6. That the check attached to this affidavit and marked as Exhibit A is a true and correct copy of the check he delivered to Donald E. Dewane on September 3, 1971. The check when he received it back in the mails with his bank statement was in the same condition as when he gave it to Donald E. Dewane except the front side had a paid stamp on it and the reverse side of the check bore the written endorsements of House of Health, Inc., Donald E. Dewane as well as various stamped endorsements includ-

ing one "Pay Continental Ill. Nat. Bk. & Trust Co. of Chgo. 75–17343 for Deposit Only 75–17343 Marengo Federal Savings & Loan Association."

Plaintiff Jane Starck in her affidavit states, in relevant part:

2. That on or about September 3, 1971 she had a meeting with Donald E. Dewane, one of the defendants in the above entitled case; that the meeting took place at the affiant's home located at 8909 McConnell Road, Woodstock, Illinois; that the only other person at the meeting was affiant's husband, P. A. Starck; and that at the meeting she purchased stock in a business known as the House of Health, Inc. from Donald E. Dewane, the President of the Corporation.

3. That during the period of on or about March 10, 1971 to on or about September 3, 1971 several telephone calls were received by affiant from Donald E. Dewane concerning the purchase of stock in House of Health, Inc.

4. During the meeting of on or about September 3, 1971 the affiant delivered a check to Donald E. Dewane dated September 3, 1971 for $35,000 payable to House of Health, Inc. for the purchase of 233 shares of House of Health, Inc. stock.

5. That the check attached to this affidavit and marked as Exhibit A is a true and correct copy of the check she delivered to Donald E. Dewane on September 3, 1971. The check when she received it back in the mails with her bank statement was in the same condition as when she gave it to Donald E. Dewane except the front side had a paid stamp on it and the reverse side of the check bore the written endorsements House of Health, Inc.; and Donald E. Dewane as well as various stamped endorsements including one "Pay Continental Ill. Nat. Bk. & Trust Co. of Chgo. 75–17343 For Deposit Only 75–17343 Marengo Federal Savings & Loan Association."

Karen Wascher, in her affidavit, states in relevant part:

1. That she is the head cashier of Marengo Federal Savings and Loan Association, which is located at 200 East Grant Highway, Marengo, Illinois.

2. That she has been the Head Cashier for about the last thirteen (13) years.

3. That she has acquired personal knowledge in the course of her duties as Head Cashier that the processing of checks deposited in Marengo Federal Savings and Loan Association but drawn on other banking institutions involves the use of the mails and more particularly such deposited checks are sent and were sent during the month of September, 1971, by Marengo Federal Savings and Loan Association by mail to Continental Illinois National Bank and Trust Company of Chicago for collection; that prior to the mailing to Continental Illinois National Bank and Trust Company of Chicago, Marengo Federal Savings and Loan places the following stamped endorsement on such checks:

Pay Continental Ill. Nat. Bk. & Trust Co. of Chgo.

75–17343   For Deposit Only   75–17343

Marengo Federal Savings & Loan Assn.

4. That the checks dated September 3, 1971 for $15,000 payable to House of Health, Inc. attached to this affidavit and marked Exhibit A–1 and the check dated September 3, 1971 for $35,000 payable to House of Health, Inc. attached to this affidavit and marked Exhibit A–2 contain the stamped endorsement of Marengo Federal Savings and Loan Association and accordingly were sent for collection by mail to Continental Illinois National Bank and Trust Company of Chicago.

The defendants have failed to submit any affidavits or memoranda in opposition to the plaintiffs' affidavits.

It is well settled that the use of telephones only on interstate basis in solicitation of the purchase of stock is sufficient to give a federal district court

jurisdiction over an action for the violation of the federal securities laws and regulations. Myzel v. Fields, 386 F.2d 718 (8th Cir. 1967); cert. denied 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143. Further, even though misrepresentations or words of fraud are not uttered over the telephone, Section 78j of 15 U.S.C. prohibiting any person, directly or indirectly from using any instrumentality of interstate commerce in connection with the purchase of securities by manipulative or deceptive device is violated if a telephone is used "indirectly" to cause a meeting to be held for purpose of effectuating a fraud. Nemitz v. Cunny, 221 F.Supp. 571 (N.D.Ill.1963). Thus it is the opinion of this Court that the defendants' motion to dismiss should be denied at this time. However, this ruling should not be interpreted as a bar to any additional pre-trial motion of the defendants which is adequately supported in law and fact and directed at the jurisdiction of this Court. See Burke v. Triple A Mach. Shop, Inc., 438 F.2d 978 (9th Cir. 1971).